**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES HANSEN AND DONNA HANSEN,**

    **Plaintiffs,**

**v.**

Case No:

**FIFTH THIRD BANK**,

    **Defendant.**
_____/

**DEMAND FOR JURY TRIAL**

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COME NOW**, Plaintiffs, **JAMES HANSEN** ("Mr. Hansen") and **DONNA HANSEN** ("Mrs. Hansen") (collectively "Mr. and Mrs. Hansen" or "Plaintiffs") by and through the undersigned counsel, and hereby sue and file this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **FIFTH THIRD BANK** ("Defendant"), and in support thereof state as follows:

*Introduction*

1. This action arises out of an alleged "Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such alleged Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mrs. Hansen's cellular telephone after Mrs. Hansen demanded that such calls stop, and by placing calls to Mr. and Mrs. Hansen's home telephone after Mr. Hansen demanded

that such calls stop, after Mr. and Mrs. Hansen had included the alleged Debt in their Chapter 11 bankruptcy case, and after having actual knowledge that Mr. and Mrs. Hansen were represented by counsel with respect to the alleged debt, which can all reasonably be expected to harass Mr. and Mrs. Hansen.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiffs, Mr. and Mrs. Hansen, were and are each a natural person and, at all times material hereto, are adults, residents of Pinellas County, Florida, and are each a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mrs. Hansen is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to telephone number 727-***-0303 ("Mrs. Hansen's Cellular Telephone").

6. At all times material hereto, Defendant was and is a bank with its headquarters located at 38 Fountain Square Plaza, Cincinnati, OH 45263.

### *Statements of Fact*

7. Mr. and Mrs. Hansen opened a credit card account for personal use with Defendant ("Account").

8. Sometime thereafter, Mr. and Mrs. Hansen encountered financial difficulties and fell behind on their monthly payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

9. On September 14, 2017, Mr. and Mrs. Hansen filed a Chapter 11 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:17-bk-07980-RCT ("Bankruptcy Case").

10. Mr. and Mrs. Hansen identified Defendant as a creditor in the Petition with a total claim of $6,991.00. *See* **Exhibit A, p. 9, § 6.**

11. Mr. and Mrs. Hansen's Petition also identified their bankruptcy counsel's ("Attorney") name and contact information, which notified all of Mr. and Mrs. Hansen's creditors, including Defendant, that Mr. and Mrs. Hansen were represented by counsel with respect to all debts.

12. On or around September 20, 2017, Defendant received notice of Mr. and Mrs. Hansen's Bankruptcy Case via electronic transmission from the Bankruptcy Noticing Center. *See* **Exhibit B.**

13. During Mr. and Mrs. Hansen's Bankruptcy Case, counsel for Defendant thereafter regularly communicated with Mr. and Mrs. Hansen's Attorney with respect to the Debt.

14. Defendant thereby had actual knowledge that Mr. and Mrs. Hansen was represented by counsel with respect to the Debt.

15. Despite having actual knowledge that the Debt was included in the Bankruptcy Case, Defendant continued to directly communicate with Mr. and Mrs. Hansen in connection with collection of the Debt.

16. Specifically, Defendant continued placing calls directly to Mr. and Mrs. Hansen's home telephone number, 727-***-3379 ("Mr. and Mrs. Home Telephone Number") in attempts to collect the Debt.

17. Mr. and Mrs. Hansen spoke with Defendant multiple times and told Defendant that they were represented by Attorney and that the Debt was included in the Bankruptcy Case and demanded that Defendant stop calling them.

18. Despite Mr. and Mrs. Hansen's demands, Defendant continued to place calls directly to Mr. and Mrs. Hansen's Home Telephone in attempts to collect the Debt.

19. In November of 2019, Defendant also began placing calls to Mrs. Hansen's Cellular Telephone.

20. Mrs. Hansen spoke with Defendant in November of 2019, and demanded Defendant stop calling her Cellular Telephone.

21. Despite Mrs. Hansen's demand, Defendant continued to call her Cellular Telephone.

22. Defendant has called Mr. and Mrs. Hansen's Home Telephone at least ten (10) times during the time period from September 20, 2017 to the present date.

23. Defendant has called Mrs. Hansen's Cellular Telephone at least twenty (20) times during the time period from September 20, 2017 to the present date.

24. Defendant called Mr. and Mrs. Hansen's Home Telephone and Mrs. Hansen's Cellular Telephone from several different telephone numbers.

25. All of Defendant's calls to Mr. and Mrs. Hansen's Home Telephone were placed in an attempt to collect the Debt.

26. All of Defendant's calls to Mrs. Hansen's Cellular Telephone were placed in an attempt to collect the Debt.

27. Defendant has harassed Mr. and Mrs. Hansen due to the timing and frequency of Defendant's calls.

28. Defendant has harassed Mr. and Mrs. Hansen by violating their right to not be directly contacted by Defendant when Defendant knew Mr. and Mrs. Hansen were represented by counsel with respect to the alleged Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

29. Mr. and Mrs. Hansen re-allege paragraphs 1-28 and incorporate the same herein by reference.

30. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

31. Mr. and Mrs. Hansen revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial

voice or prerecorded when they expressly told Defendant to stop calling her in November of 2019 and notified Defendant that all Defendant's calls should be forwarded to Attorney.

32. Despite this revocation of consent, Defendant thereafter called Mrs. Hansen's Cellular Telephone at least twenty (20) times.

33. Defendant did not place any emergency calls to Mrs. Hansen's Cellular Telephone.

34. Defendant willfully and knowingly placed non-emergency calls to Mrs. Hansen's Cellular Telephone.

35. Mr. and Mrs. Hansen knew that Defendant called Mrs. Hansen's Cellular Telephone using an ATDS because they heard a pause when they answered at least one of the first few calls from Defendant on Mrs. Hansen's Cellular Telephone before a live representative of Defendant came on the line.

36. Mr. and Mrs. Hansen knew that Defendant called Mrs. Hansen's Cellular Telephone using a prerecorded voice because Defendant left Mr. and Mrs. Hansen at least one voicemail using a prerecorded voice.

37. Defendant used an ATDS when it placed at least one call to Mrs. Hansen's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mrs. Hansen's Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mrs. Hansen's Cellular Telephone.

40. Under information and belief, Defendant used an ATDS when it placed all calls to Mrs. Hansen's Cellular Telephone.

41. At least one call that Defendant placed to Mrs. Hansen's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

42. At least one call that Defendant placed to Mrs. Hansen's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

43. At least one call that Defendant placed to Mrs. Hansen's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

44. At least one call that Defendant placed to Mrs. Hansen's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

45. At least one call that Defendant placed Mrs. Hansen's Cellular Telephone was made using a prerecorded voice.

46. Defendant has recorded at least one conversation with Mr. and Mrs. Hansen.

47. Defendant has recorded more than one conversation with Mr. and Mrs. Hansen.

48. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. and Mrs. Hansen, for its financial gain.

49. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Hansen's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

50. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. and Mrs. Hansen, despite individuals like Mr. and Mrs. Hansen revoking any consent that Defendant believes it may have to place such calls.

51. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed Mrs. Hansen's Cellular Telephone.

52. Defendant has corporate policies to abuse and harass consumers like Mr. and Mrs. Hansen.

53. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

54. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

55. Defendant's phone calls harmed Mr. and Mrs. Hansen by trespassing upon and interfering with Mr. and Mrs. Hansen's right to not be directly contacted by the Defendant as they were represented by counsel.

56. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them emotional distress.

57. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them to lose sleep.

58. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them stress.

59. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them anxiety.

60. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiffs respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

61. Mr. and Mrs. Hansen re-alleges paragraphs 1-28 and incorporates the same herein by reference.

62. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. and Mrs. Hansen's Home Telephone despite Mr. and Mrs. Hansen's demand that Defendant stop calling them and despite having actual knowledge that the alleged Debt being included in the Bankruptcy Case, which can reasonably be expected to harass Mr. and Mrs. Hansen.

    b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Hansen's Cellular Telephone despite Mr. and Mrs. Hansen's demand that Defendant stop calling them and despite having actual knowledge the alleged Debt being included in the Bankruptcy Case, which can reasonably be expected to harass Mrs. Hansen.

    c. Defendant violated Fla. Stat. § 559.72(18) by directly contacting Mr. and Mrs. Hansen after Defendant knew Mr.

and Mrs. Hansen were represented by Attorney with respect to the Debt and regularly communicated with Attorney and thereby had knowledge of Attorney's name and address.

63. As a result of the above violations of the FCCPA, Mr. and Mrs. Hansen has been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

64. Defendant's phone calls harmed Mr. and Mrs. Hansen by violating Mr. and Mrs. Hansen's right to not be directly contacted by the Defendant as they were represented by counsel.

65. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them emotional distress.

66. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them to lose sleep.

67. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them stress.

68. Defendant's phone calls harmed Mr. and Mrs. Hansen by causing them anxiety.

69. It has been necessary for Mr. and Mrs. Hansen to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

70. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, James Hansen and Donna Hansen, demand a trial by jury on all issues so triable.

Respectfully submitted this **November 26, 2019**,

> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
> Law Office of Michael A. Ziegler, P.L.
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> *Counsel for Plaintiff*